# CIRCUIT COURT OF LOUDOUN COUNTY

SWPP Corporation

v.

Loudoun County

July 21, 2000

Case No. (Chancery) 19558

BY JUDGE THOMAS D. HORNE

SWPP Corporation seeks declaratory relief as to the application of erosion and sediment controls to activities occurring on its property located in Loudoun County, Virginia. Complainant states that it is engaged in the growing of Christmas trees, and that it is utilizing top soil brought in from off site locations to create planting terraces upon which the trees are grown. It asserts that such an operation is exempt from regulation as an agricultural activity and that the County is wrong in its assertion that this is a fill operation requiring a permit. Va. Code Ann. §§ 10.1-560, 10.1-570.

The matter is before the Court on Complainant's Motion for Summary Judgment. Under familiar principles, the Court may not grant Summary Judgment while there remains factual issues genuinely in dispute between the parties. This is such a case. Accordingly, the Motion for Summary Judgment will be denied.

A review of the instant record discloses conflicts in the evidence which go to the heart of the case. Without a resolution of these conflicts, the Court cannot enter a meaningful judgment resolving the issues raised by the Complainant.

While the Court agrees with the position of the Complainant that the words of the statute should be given their plain meaning and that the provision of the County ordinance must be harmonized with those of state law, these conclusions do not bring an end to the inquiry. Similarly, the deposit of top

soil, obtained off site and necessary for tree growth, does not make the operative a filling operation, thereby requiring a grading permit. The operation of a farm is not, as a matter of law, so inextricably intertwined with those products necessary to sustain the farm, as to be vicariously liable for the actions of the supplier. Lastly, it is not the size or intensity of the farming operation which serves to separate what is exempt agriculture from those activities which require a permit.

The question to be answered is the extent to which the placement of the topsoil is incidental to an exempt agricultural use and is reasonably necessary to such use.

Accordingly, the Court denies the Motion for Summary Judgment and will direct that counsel obtain a date for a hearing on the merits.